UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ANITA M. LANDOLL,

*Plaintiff-Appellant,*

v.

BOARD OF SUPERVISORS OF
PITTSYLVANIA COUNTY; PITTSYLVANIA
COUNTY SCHOOL BOARD; JERRY
WEBB, Superintendent,

*Defendants-Appellees.*

No. 01-2096

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CA-01-7)

Submitted: January 31, 2002

Decided: April 11, 2002

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

## COUNSEL

Anita M. Landoll, Appellant Pro Se. Jim Harold Guynn, Jr., GUYNN
LAW OFFICES, Roanoke, Virginia; Glenn W. Pulley, Edward Fal-
con Hodges, Jr., CLEMENT & WHEATLEY, Danville, Virginia, for
Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

This case requires us to decide whether Anita M. Landoll failed to state a claim in her complaint against her former employer, Pittsylvania County Schools (PCS) and PCS Superintendent Jerry Webb for age, sex, and disability discrimination and whether the district court abused its discretion by refusing to appoint Landoll counsel.[1] We have examined Landoll's complaint and find the decision of the district court is without reversible error, with one exception.

In her pro se complaint, Landoll alleges that she is a female, her performance was satisfactory in that she earned continuing contract status with PCS, she suffered an adverse employment action when PCS refused to transfer her from Serious Emotional Disturbance to Specific Learning Disabled classes, and a similarly situated male teacher received more favorable treatment when PCS transferred him from an SED to an SLD class. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993) (holding a prima facie case of sex discrimination should show (1) plaintiff is a member of a protected class; (2) plaintiff was performing satisfactorily; (3) plaintiff suffered an adverse employment action; and (4) a similarly situated employee received favorable treatment). While the district court properly found Landoll failed to state a claim upon which relief could be granted for sexual harassment or hostile work environment and dismissed Landoll's claim pursuant to Fed. R. Civ. P. 12(b)(6), the court did not consider Landoll's sex discrimination claim.

---

[1]Because Landoll did not assign error to the district court's dismissal of defendant Pittsylvania County Board of Supervisors (Board of Supervisors) and asked this court to remove the Board of Supervisors as a defendant, we do not consider any claims with respect to the Board of Supervisors on appeal.

We conclude the district court erred by dismissing Landoll's sex discrimination claim against PCS and Superintendent Jerry Webb, in his official capacity, without considering it.[2] Consequently, although we affirm on the district court's reasoning the dismissal of Landoll's age and disability claims and the district court's refusal to appoint counsel, we vacate the dismissal of Landoll's sex discrimination claim and remand for further consideration. We reject Landoll's claim on appeal that the district court's opinion and order contradicts its findings from the bench because, although it expressed sympathy for Landoll's plight, the district court did not make any findings from the bench.

We deny the Appellees' motion to strike Landoll's supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*

---

[2]Because our conclusion is that the district court erred by dismissing Landoll's assertion of sex discrimination without considering it, we indicate no view as to the merits or legal sufficiency of this claim.